53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Petitioner-Appellee,
v.
Lee SEITZ, Respondent-Appellant.
 No. 93-3957.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1995.
 
 Before: KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal arises from a claim brought by the United States of America to enforce a False Claims Act Civil Investigative Demand ("CID") served on Respondent, Lee Seitz. The Department of Justice issued the CID in connection with its investigation of whether Respondent's employer, Harsco, Inc., included the appropriate federal excise tax in its bid on a billion dollar contract to supply the Army with trucks. The district court, after a show cause hearing, issued an order enforcing the government's CID. The Respondent asserts three principal issues on appeal: whether he was entitled to discovery as of right; whether the CID was improperly issued for the purpose of forcing Respondent to invoke his Fifth Amendment right for use in a collateral proceeding; and whether there was an impermissible conflict of interest. We affirm the district court.
 
 I. STATEMENT OF THE CASE AND FACTS
 
 2
 In May 1991, the Civil Division of the Department of Justice initiated an investigation into suspected false claims by BMY, a division of Harsco, Inc. The investigation stemmed from a bid submitted by BMY to the Army for delivery of approximately 15,000 trucks. In its bid, BMY failed to include excise tax, as required by the bid specifications, without identifying this deficiency to the Army. After winning the bid, BMY sought an adjustment in the contract price for after-imposed federal excise tax. Believing BMY falsely sought the increase, the Army denied BMY's request. BMY appealed the denial of its claim in April 1988 to the Armed Services Board of Contract Appeals ("ASBCA"). In January 1994, the ASBCA ruled in favor of BMY, finding its bid had not included the federal excise tax. On February 3, 1993, the Army acquired newly discovered evidence showing BMY's bid had included the federal excise tax. In light of this new information, the Army moved to reopen the investigation.
 
 
 3
 In connection with its investigation the Army sought to subpoena information from Seitz pursuant to the False Claims Act, 31 U.S.C. Secs. 3729-3733 (1992). The False Claims Act provides the Attorney General with the means to subpoena relevant materials by way of a civil investigative demand. 31 U.S.C. Sec. 3733(a)(1). In the event of noncompliance, a CID may be enforced by the district court. 31 U.S.C. Sec. 3733(j)(1). CID No. 93-10 was served on Seitz with instructions to produce certain documents by March 17, 1993, and give oral testimony on April 9, 1993.
 
 
 4
 On May 24, 1993, the government petitioned the district court to enforce the CID, requesting the court issue a show cause order. On June 8, 1993, the district court complied and ordered Seitz to show cause why the CID should not be enforced.
 
 
 5
 Subsequently, Seitz sought to obtain discovery from the government. On July 1, 1993, the government moved to quash Seitz's discovery requests. After briefing and oral argument, on July 21, 1993, United States Magistrate Judge Mark Able issued an order granting the government's motion to quash.
 
 
 6
 On August 26, 1993, United States District Court Judge James L. Graham denied Seitz's motion for reconsideration. The district court denied Seitz's motion for a stay on September 7, 1993. On September 27, 1993 this court denied Seitz's request for a stay pending appeal.
 
 
 7
 This timely appeal follows.
 
 II. DISCUSSION
 A. DISCOVERY
 
 8
 Seitz argues the Federal Rules of Civil Procedure are applicable in CID enforcement proceedings, entitling him to discovery as a matter of right. No such right is due Seitz in this proceeding. To the extent the Federal Rules of Civil Procedure allow discovery in administrative subpoena proceedings, such as this, the rules further allow the district court to limit discovery, as was done here. See Fed.R.Civ.P. 81(a)(3); see also United States v. Markwood, --- F.3d ----, 1995 WL 111254, at * 11-* 12 (6th Cir. Mar. 17, 1995) (relying on Donaldson v. United States, 400 U.S. 517, 528-29 (1971) (holding "Rule 81(a)(3) [specifically recognizes] that a district court, by local rule or by order, may limit the application of the [Federal Rules of Civil Procedure] in a summons proceeding.")). We are not persuaded the district court abused its discretion in limiting discovery.
 
 B. FIFTH AMENDMENT CLAIM
 
 9
 Seitz also contends the CIDs were issued in bad faith. He alleges the Justice Department issued the CIDS not to obtain his testimony, rather they were issued to force him to invoke his Fifth Amendment privilege against self-incrimination. Seitz postulates that invocation of his Fifth Amendment privilege would be used by the government to support its motion to reopen the investigation into BMY's ASBCA appeal. There is simply no credible evidence to support this assertion.
 
 
 10
 It is mere speculation on Seitz's part that the government wanted him to invoke his Fifth Amendment privilege. There is, however, evidence suggesting Seitz has information relevant to the False Claims investigation. This information, if it exists and is made available to the government, would certainly further the government's objective of determining whether any fraud was committed by BMY. Even though Seitz asserts he will invoke his Fifth Amendment privilege, there is no guarantee he will do so, or that he is entitled to do so in every instance. There was no error by the district court in failing to set aside the CID. See also Markwood, 1995 WL 111254, at * 17 (discussing reasons why this assertion is meritless).
 
 C. CONFLICT OF INTEREST
 
 11
 Seitz's final claim is that the district court erred in enforcing the CID because there was an impermissible conflict of interest with Lt. Col. Phillips, one of the government's attorneys. Lt. Col. Phillips, an Army Judge Advocate General officer assigned to the Department of Justice Civil Division, is accused of using the CID for the improper purpose of gathering information for the Army's ASBCA litigation. The allegations are unfounded and meritless. See Markwood, 1995 WL 111254, at * 15 (discussing reasons why this assertion is meritless).
 
 III. CONCLUSION
 
 12
 For the foregoing reasons, the Order of August 26, 1993, issued by the Honorable James L. Graham, United States District Judge for the District of Ohio, as amended by Order dated September 7, 1993, is AFFIRMED.